**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAN PARTIDA-NUNEZ,<br><br>              Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>              Respondent. | No.   16-73239<br><br>Agency No. A088-738-940<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017[**]

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Adan Partida-Nunez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under to 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen based on ineffective assistance of counsel for failure to show prejudice, where Partida-Nunez offered no new contentions or evidence of plausible grounds for relief, and therefore did not establish that prior counsel's performance may have affected the outcome of his proceedings. *See Morales Apolinar v. Mukasey*, 514 F.3d 893, 898 (9th Cir. 2008) (to establish prejudice resulting from counsel's deficient performance in failing to apply for relief, a petitioner must show plausible grounds for relief).

The record does not support Partida-Nunez's contention that the agency ignored evidence of his alleged eligibility for relief or that it failed to provide sufficient reasoning. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

Because these determinations are dispositive, we do not reach Partida-Nunez's contentions regarding his prior counsel's performance. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

**PETITION FOR REVIEW DENIED.**